## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TINA SANDERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. CIV-19-1172-G** |
| | ) |
| **NATIONAL CREDIT SERVICE et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>ORDER</u>

Plaintiff Tina Sanders ("Plaintiff") filed the instant lawsuit on December 19, 2019, alleging that the two defendants "are [f]alsely garnishing [her] for a loan [she] did not approve." Compl. (Doc. No. 1) at 1. On January 6, 2021, Defendant United States Department of Education ("Defendant" or "DOE") filed a Motion to Dismiss (Doc. No. 33), which is presently before the Court. Plaintiff has responded in opposition to the Motion (Doc. No. 34) and Defendant has replied (Doc. No. 35). The Court makes its determination based on the parties' written submissions.

### I.    *Plaintiff's Failure to Properly Serve Defendant*

As its first basis for dismissal, Defendant cites Federal Rules of Civil Procedure 4(i)(1)(A)-(B) and 12(b)(2) and argues that there is a "lack of personal jurisdiction" over Defendant. Fed. R. Civ. P. 12(b)(2); *see* Def.'s Mot. to Dismiss at 1, 5. Pursuant to Rule 4(i)(1) of the Federal Rules of the Civil Procedure, to effect service upon the United States a plaintiff must serve the summons and complaint upon both: (i) the United States attorney's office for the district where the action is brought and (ii) "the Attorney General

of the United States at Washington, D.C."  Fed. R. Civ. P. 4(i)(1)(A), (B).  Defendant argues that Plaintiff has failed to fulfil these requirements.[1]  Plaintiff, who is appearing pro se and proceeding *in forma pauperis*, does not dispute her failure to comply with Rule 4(i)(1)(A)-(B) but notes that she did not understand her obligations and that she explained her confusion to the Assistant U.S. Attorney handling this matter.  *See* Pl.'s Resp. at 2.

Defendant's Motion does not address the proper inquiry under Rule 12(b)(2) and cites no authority to support its position that personal jurisdiction is lacking based upon this omission in service.  Further, the relevant authorities indicate that any dismissal based solely upon a failure to comply with Rule 4's procedural requirements would be more properly based on a finding of "insufficient service of process" under Federal Rule of Civil Procedure 12(b)(5) than upon a lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(5); *see* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1353 (3d ed. 2004) ("A Rule 12(b)(5) motion is the proper vehicle for challenging the . . . lack of delivery of the summons and complaint.").  In opposing a Rule 12(b)(5) motion, the plaintiff "bear[s] the burden of demonstrating that [he or she] complied with all statutory and due process requirements."  *CMI Roadbuilding, Inc. v. Wiregrass Constr. Co.*, No. 20-832-D, 2021 WL 2188807, at *1 (W.D. Okla. May 28, 2021) (internal quotation marks omitted).

---

[1] Plaintiff has complied with the separate requirements for serving the DOE outlined in Rule 4(i)(2) of the Federal Rules of Civil Procedure.  *See* Order of Aug. 6, 2020 (Doc. No. 24) at 1.

The distinction is immaterial at present, however, because the Court finds that, in light of Plaintiff's pro se status and the undisputed actual notice Defendant has received of this lawsuit, Plaintiff should be granted additional time to cure this defect. *See* Pl.'s Resp. at 2; *cf.* Fed. R. Civ. P. 4(m) (prescribing that a court must extend the time for service for good cause). The Court will allow Plaintiff one final opportunity to have service perfected upon the United States in accordance with all requirements of Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 4(i)(1)(A), (B); *see also id.* R. 4(c).[2]

## II.   *Lack of Subject-Matter Jurisdiction*

Second, Defendant argues that there is a lack of subject-matter jurisdiction over Plaintiff's relevant claims. *See* Def.'s Mot. to Dismiss at 1, 2-5; Fed. R. Civ. P. 12(b)(1).

Motions to dismiss under Rule 12(b)(1) may consist of either "(1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). Where, as here, the motion consists of a facial attack, the Court presumes the truth of all well-pleaded factual allegations. *See id.* It is incumbent upon Plaintiff, as the party invoking federal subject-matter jurisdiction, to allege facts demonstrating the propriety of jurisdiction under either 28 U.S.C. § 1331

---

[2] Although Plaintiff is appearing pro se and proceeding *in forma pauperis*, she "still must comply with the same rules of procedure governing other litigants, including Rule 4." *Dona't v. Amazon.com/Kindle*, 482 F. Supp. 3d 1137, 1144 (D. Colo. 2020). "The prosecution of this lawsuit, including service on the defendants, is ultimately [the plaintiff's] responsibility." *Id.*

(federal-question jurisdiction) or 28 U.S.C. § 1332 (diversity jurisdiction).  *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

As noted, the basis of Plaintiff's legal claims is that the defendants are participating in garnishment proceedings against her for repayment of a loan that she did not approve. *See* Compl. at 1-5.  Liberally construed, Plaintiff alleges that in 2001, she was contacted by an individual who offered her a loan (or a refinance of an existing loan) "in the amount of $12,001.97."  *Id.* at 1; *id.* Ex. 8, Garnishment Hearing Decision (Doc. No. 1-8) at 2. Plaintiff alleges that she declined the offer, but in 2017, she learned that the loan had in fact been processed and that she was in default.  *See* Compl. at 1-2, 5.  Plaintiff's allegations and supporting documentation reflect that since 2017, she has sought relief from the DOE, as well as various private and government entities, in an attempt to have the loan discharged or her obligation otherwise lifted, but she has not been successful.  *See id.* at 1-4; *id.* Exs. 1, 2, 3, 5, 6, 9 (Doc. Nos. 1-1, 1-2, 1-3, 1-5, 1-6, 1-9).

Relevant to the claims at issue, Plaintiff's pleading reflects that on September 21, 2018, the DOE's Federal Student Aid division considered Plaintiff's objections to collection efforts on the disputed loan but found that Plaintiff's wages "are subject to a garnishment order."  Garnishment Hearing Decision at 1.  The DOE's notice advised: "If you disagree with this decision, you may have this decision reviewed by bringing a lawsuit in a Federal District Court."  *Id.* at 2.

On October 21, 2019, the DOE issued a second notice, explaining that after reconsideration the original garnishment determination would stand.  *See* Compl. Ex. 9, Second Garnishment Decision (Doc. No. 1-9) at 1.  Again, Plaintiff was notified that she

could have the DOE's decision reviewed by filing "a lawsuit in a Federal District Court." *Id.* at 2.

Finally, on November 13, 2019, the DOE sent a Letter to Plaintiff notifying her that she did "not qualify for discharge due to False Certification."  Compl. Ex. 2, DOE Letter (Doc. No. 1-2) at 1.  The Letter stated: **"If you disagree with this decision, you may file a lawsuit in U.S. Federal District Court."**  *Id.* at 1 (emphasis omitted).  Plaintiff filed this lawsuit on December 19, 2019.

"Pursuant to the Administrative Procedure Act ('APA'), federal courts can review and overturn final agency actions under certain circumstances." *Johnson v. U.S. Dep't of Educ.*, Civ. No. 17-2104, 2018 WL 3420016, at *3 (D. Md. July 13, 2018) (citing 5 U.S.C. § 706(2)(A)).[3]  Federal district courts have found that determinations of the U.S. Department of Education such as those alleged in the instant lawsuit are reviewable under that statute.  In *Johnson*, for example, the U.S. District Court for the District of Maryland considered the pro se plaintiff's challenge to the DOE's denial of a discharge of his loans "due to False Certification" and ultimately concluded that the DOE's decision should be upheld.  *See id.* at *3-4; *see also id.* at *2 (noting that the plaintiff was advised by the DOE that if he disagreed with the decision, he could "file a lawsuit in U.S. Federal District Court").  The U.S. District Court for the Southern District of Ohio likewise held that "[t]he [DOE's] denial of [the plaintiff's] request to discharge his student loan is reviewable . . .

---

[3] The relevant provision of the APA prescribes that "[t]he reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

under the [APA]." *Castagnola v. Educ. Credit Mngt. Corp.*, No. 2:11-cv-688, 2013 WL 3288165, at *3 (S.D. Ohio June 28, 2013); *accord Price v. U.S. Dep't of Educ.*, 209 F. Supp. 3d 925, 927-28 (S.D. Tex. 2016) (granting plaintiff summary judgment "because the [DOE's] denial of [the plaintiff's] request for a student loan discharge was arbitrary, capricious, an abuse of discretion, and not otherwise in accordance with law").

While Defendant is correct that even in the pro se context, the Court "will not . . . assume the role of advocate," Plaintiff's pleading is entitled to liberal construction despite any "failure to cite proper legal authority" or "unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). So construed, the Court finds that Plaintiff, through allegation of the DOE's express instructions for seeking judicial review of its actions, has adequately set forth "a short and plain statement of the grounds for the court's jurisdiction"—i.e., review of the administrative orders issued by the Federal Student Aid division of the U.S. Department of Education. Fed. R. Civ. P. 8(a)(1).[4] Accordingly, the Court finds that dismissal under Rule 12(b)(1) is not warranted.

## CONCLUSION

As outlined herein, Defendant United States Department of Education's Motion to Dismiss (Doc. No. 33) is DENIED.

---

[4] While not part of the pleading under consideration, on Plaintiff's Civil Cover Sheet several boxes are checked to indicate the "Nature of Suit," including one labeled "Administrative Procedure Act/Review or Appeal of Agency Decision." Civil Cover Sheet (Doc. No. 1-10) at 1.

Plaintiff Tina Sanders must, no later than October 19, 2021, cause service to be made upon the United States in conformance with Federal Rule of Civil Procedure 4(i)(1)(A) and (B).  This statute provides that Plaintiff must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
>  -and-
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the United States Marshals Service is authorized to attempt to serve any Defendant for whom Plaintiff properly completes a request for the issuance of a summons.  *See* Fed. R. Civ. P. 4(c)(3). Despite this authorization, however, service is ultimately Plaintiff's responsibility. Plaintiff must file proof of such service in this Court no later than October 26, 2021.  Failure to complete these requirements will result in the dismissal of this action without prejudice.

IT IS SO ORDERED this 28th day of September, 2021.

CHARLES B. GOODWIN
United States District Judge