UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TINA SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-1172-G |
| | ) |
| NATIONAL CREDIT SERVICE et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Tina Sanders filed a pro se Complaint on December 19, 2019, alleging that two defendants "are [f]alsely garnishing [her] for a loan [she] did not approve." Compl. (Doc. No. 1) at 1. Defendant National Credit Service ("Defendant") filed an Answer (Doc. No. 12) and, subsequently, a Motion for Summary Judgment (Doc. No. 41). Plaintiff did not file a response to the Motion within the time allowed by this Court's local rules.

I.  *Standards of Review*

Summary judgment is a means of testing in advance of trial whether the available evidence would permit a reasonable jury to find in favor of the party asserting a claim. The Court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party that moves for summary judgment has the burden of showing that the undisputed material facts require judgment as a matter of law in its favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To defeat summary judgment, the nonmovant need not convince the Court that it will prevail at trial, but it must cite sufficient evidence

admissible at trial to allow a reasonable jury to find in the nonmovant's favor—i.e., to show that there is a question of material fact that must be resolved by the jury. *See Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

>Parties may establish the existence or nonexistence of a material disputed fact by:
>
>- citing to "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" in the record; or
>
>- demonstrating "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A), (B). The Court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party, *see Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005), but "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Liberty Lobby*, 477 U.S. at 252.

While the Court construes a pro se litigant's pleadings liberally, all parties must adhere to applicable procedural rules. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Because Plaintiff did not respond to Defendant's Motion, she has "waived [her] right . . . to controvert the facts asserted in" that Motion." *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). "[A] party's failure to file a response to a summary judgment

2

motion is not, by itself, a sufficient basis on which to enter judgment against the party," however. *Id.* at 1195. The Court must independently "examin[e] the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law." *Id.*; *see* Fed. R. Civ. P. 56(a), (c), (e). Because the nonmoving party's "failure to respond means the facts are considered undisputed, 'the court should accept as true all material facts asserted and properly supported in the summary judgment motion.'" *Wilson v. Vill. of Los Lunas*, 572 F. App'x 635, 640 (10th Cir. 2014) (alteration omitted) (quoting *Reed*, 312 F.3d at 1195); *see* Fed. R. Civ. P. 56(e)(2), (3); LCvR 7.1(g), 56.1(d)-(e). If the evidence cited to support those material facts does not satisfy the moving party's initial burden under Rule 56(c), then "summary judgment must be denied even if no opposing evidentiary matter is presented." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 160 (1970) (internal quotation marks omitted).

  II. *Plaintiff's Allegations*

   The basis of Plaintiff's legal claims is that the defendants have participated in garnishment proceedings against her for repayment of a loan that she did not approve. *See* Compl. at 1-5. Liberally construed, Plaintiff alleges that in 2001 she was contacted by an individual who offered her a loan (or a refinance of an existing loan) "in the amount of $12,001.97." *Id.* at 1. Plaintiff alleges that she declined the offer, but in 2017, she was contacted by Defendant and learned that the loan had in fact been processed and that she was in default. *See id.* at 1-2, 5. Plaintiff's allegations and supporting documentation reflect that since 2017, she has sought relief from various private and government entities

3

in an attempt to have the loan discharged or her obligation otherwise lifted, but she has not been successful. *See id.* at 1-4; *id.* Exs. 1, 2, 3, 5, 6, 9 (Doc. Nos. 1-1, 1-2, 1-3, 1-5, 1-6, 1-9).

   III.   *Defendant's Motion for Summary Judgment*

Defendant first argues that it is entitled to summary judgment because Plaintiff's claims are barred by the one-year statute of limitations applicable to actions brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. *See* Def.'s Mot. Summ. J. at 3-4.

The FDCPA "authorizes private civil actions against debt collectors." *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019) (citing 15 U.S.C. § 1692k(a)). FDCPA claims are subject to a one-year statute of limitations. *See id.*; 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs.").

The Court agrees with Defendant that Plaintiff's claims are most reasonably construed as alleging violation of the FDCPA, which prohibits debt collectors from engaging in harassing or abusive conduct, using any false or deceptive representation or means, or using unfair or unconscionable means in connection with the collection or attempted collection of a debt. *See Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002) (citing 15 U.S.C. §§ 1692d, 1692e, 1692f); *see also* Compl. at 1, 5 (alleging that Defendant "[f]alsely garnish[ed] Plaintiff" and "t[ook] it upon [itself] to set [Plaintiff] up for 50 years of garnishment").

Plaintiff's pleading further reflects that on September 21, 2018, the Federal Student Aid division of the U.S. Department of Education (the "DOE") issued a Garnishment Hearing Decision (the "Hearing Decision").  *See* Compl. Ex. 8 (Doc. No. 1-8) at 1.  In the Hearing Decision, the DOE "present[ed] the findings and conclusions reached after a recent hearing requested by [Plaintiff] regarding an objection to collection of a defaulted student loan account held by the [DOE] through wage garnishment action."  *Id.*  The Hearing Decision considered and rejected Plaintiff's objections and concluded that "the debt is past-due," "owed and enforceable," and subject to garnishment "as proposed in" the "garnishment notice" previously received by Plaintiff.  *Id.* at 1-2.

As argued by Defendant, the Hearing Decision submitted by Plaintiff shows Plaintiff would have had to receive the disputed garnishment notice at some date prior to September 21, 2018, as the hearing on her objections was disposed of on that date.  This conclusion is consistent with Plaintiff's Complaint, which states that she was contacted by Defendant about the loan payments "[i]n 2017."  Compl. at 2.  And, as noted, Plaintiff has not responded to or otherwise countered Defendant's summary-judgment facts.

Even construing the record in Plaintiff's favor, therefore, it is established that the FDCPA statute of limitations imposed a deadline of approximately September 21, 2019, for Plaintiff to file claims arising from Defendant's improper garnishment efforts.  *See* Hearing Decision at 1; 15 U.S.C. § 1692k(d).  Plaintiff did not initiate this lawsuit until December 19, 2019, and has offered no basis for the Court to refrain from applying the statute of limitations to her claims.  Nor is there any such basis apparent from the record

5

before the Court. Defendant is therefore entitled to summary judgment, and the Court need not reach the alternative grounds raised in Defendant's Motion.

## CONCLUSION

For the reasons outlined herein, the Motion for Summary Judgment (Doc. No. 41) filed by Defendant National Credit Service is GRANTED. A separate judgment shall be entered.

IT IS SO ORDERED this 28th day of March, 2022.

_____
CHARLES B. GOODWIN
United States District Judge